Arvind DEWAN, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–70169.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 3, 2005.**

Decided March 1, 2005.

Arvind Dewan, Union City, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Michele Y.F. Sarko, Attorney, Allen W. Hausman, Attorney, U.S. Department of

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

### MEMORANDUM ***

Arvind Dewan petitions for review from a final order of removal. The Board of Immigration Appeals ("BIA") summarily affirmed the opinion of an Immigration Judge ("IJ"), denying Dewan's application for political asylum, withholding of removal, and relief under the Convention Against Torture. The BIA summarily affirmed the IJ's decision finding Dewan not credible and also finding, even taking Dewan's testimony as true, he had not demonstrated past persecution. We deny the petition for review.

■ We review the IJ's decision for substantial evidence, because the BIA affirmed without opinion. *See Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004). A decision that an asylum applicant is not credible must be made on "an individualized basis" with specific reasons for disbelief. *Bandari v. INS,* 227 F.3d 1160, 1165 (9th Cir.2000). There were no such reasons in the IJ's decision. Although he found Dewan's demeanor credible and his story generally consistent, the IJ characterized his testimony as "implausible" and "lacking the ring of truth." The IJ gave no individualized reasons why he found Dewan's story implausible, and without any specific reasons for disbelief the credibility finding is not supported by substantial evidence.

■ The IJ did, however, go on to conclude that even believing all his testimony, Dewan did not show persecution on any political ground. Dewan had the burden to show that the persecution (arrests and beatings) that he alleged was "actually motivated" by his political belief. *Tecun–Florian v. INS,* 207 F.3d 1107, 1109 (9th Cir.2000). But Dewan produced no evidence of his political opinions or activity. The police never asked about or commented on his political beliefs, and he never told them that he had a particular political opinion. Nor was there evidence that the police imputed a political opinion to Dewan. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1044 (9th Cir.2004) (applicant who does not produce direct evidence that police falsely inferred that he possessed a political affiliation does not show imputed political opinion).

The IJ's conclusion that his testimony, even if believed, did not show that Dewan had suffered political persecution was based on substantial evidence.

### PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.